```
HAE YEON BAIK, ESQUIRE
PA Attorney ID No. 71693
Baik & Associates, P.C.
1100 Vine St., Suite C8
Philadelphia, PA 19107
PHONE: (215) 232-5000
FAX:   (215) 232-3394                                    Attorney for
E-MAIL: haeyeon.baik@baikandassociates.com                  Debtors
```

**IN THE U.S. BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Kyung Tae Ko & <br>       Young Hee Ko, H/W <br>       Debtors | : No. 15-18948-ELF <br> : <br> : Chapter 13 |
| Kyung Tae Ko & <br> Young Hee Ko, H/W <br>    Movants/Debtors <br><br>      v. <br><br> PNC Bank, N.A., <br>    Respondent/Creditor | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**<u>DEBTORS' MOTION TO AVOID LIEN BY CREDITOR PNC BANK, N.A., AND TO RECLASSIFY CLAIM FROM SECURED TO COMPLETELY UNSECURED</u>**

Debtors Kyung Tae Ko & Young Hee Ko, through their attorney, Hae Yeon Baik, Esquire, file the following Motion to Avoid Lien by Creditor Citizen Bank of Pennsylvania, and in support thereof, aver the following:

1. Debtors are Kyung Tae Ko and Young Hee Ko, husband and wife, ("Debtors"), adult individuals residing at 12 Arbor Circle, Colmar, Pennsylvania 18915 ("Property").

2. Debtors are the sole owners of the property.

3. The aforementioned real property is encumbered by two

    liens.

4. Bayview Loan Servicing, L.L.C., (hereinafter "Bayview") with an address of 4425 Ponce De Leon Blvd, Suite 5000, Miami, Florida 33146-9823, holds the first secured lien on the property.

5. Debtors aver the first secured lien is $325,000.00.

6. PNC Bank, N.A., with an address of P.O. Box 1397, Pittsburgh, Pennsylvania 15230-1397, holds the second secured lien on the property.

7. Debtors aver the second secured lien is $82,500.00.

8. Debtors have listed Bayview and PNC Bank as secured creditors on Schedule D of their bankruptcy schedules.

9. Debtors aver the value of the property is $306,000.00.

10. As a result, Bayview's lien of $325,000.00 is mostly secured by the value of the property, with an unsecured portion, if any, of $19,000.00.

11. However, due to the lowered value of the property, PNC Bank's claim of $82,500.00 would be wholly unsecured.

12. Pursuant to 11 U.S.C. § 506(a), Debtors would be able to avoid Citizen Bank's wholly unsecured lien, and discharge the resulting unsecured debt through bankruptcy.

    WHEREFORE, Debtors respectfully requests this Honorable Court to enter an Order granting Debtors' Motion to Avoid the Secured Lien by Citizen Bank and to Reclassify the Claim from Secured to Completely Unsecured.

                                                                                 Respectfully Requested,

\_3/25/16_____                              \_/s/ Hae Yeon Baik\_\_\_\_\_

Date                                                      Hae Yeon Baik, Esquire

                                                           Attorney for Debtors